FILED

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUADALUPE ROJAS-GUZMAN,

Applicant,

v.

UNITED STATES OF AMERICA,

Respondent.

Nos. 17-73198
     18-70572

D.C. No. 3:10-cr-00109-RCJ
District of Nevada,
Reno

ORDER

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

The applications for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court are denied as unnecessary insofar as they seek authorization to challenge the applicant's 2012 convictions for conspiracy, distribution, and possession with intent to distribute methamphetamine in District of Nevada case no. 3:10-cr-00109-RCJ. Because the applicant has not previously filed a section 2255 motion challenging these convictions, he need not obtain prior authorization.

The applications for authorization to file a second or successive 28 U.S.C. § 2255 motion are denied insofar as they seek authorization to challenge the applicant's 2012 conviction for unlawful reentry in District of Nevada case no. 3:11-cr-00088-RCJ. The applicant has not made a prima facie showing that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *Mathis v. United States*, 136 S. Ct.

2243 (2016), or *Descamps v. United States*, 570 U.S. 254 (2013), are applicable and support his request for authorization. *See United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017) (for a claim to "rely on" a rule of constitutional law, the applicant must have been sentenced in violation of the Constitution, and the particular constitutional rule that was violated must be new, previously unavailable, and made retroactively applicable by the Supreme Court). Neither *Mathis* nor *Descamps* announced a new rule of constitutional law. *See Arazola-Galea v. United States*, 876 F.3d 1257, 1259-60 (9th Cir. 2017) (holding that *Mathis* did not announce a new rule of constitutional law); *Ezell v. United States*, 778 F.3d 762, 766-67 (9th Cir. 2015) (holding that *Descamps* did not announce a new rule of constitutional law). The record shows that the aggravated felony that served as the basis for the applicant's removal and which enhanced his sentence was a drug trafficking crime under 8 U.S.C. § 1101(a)(43)(B) and U.S.S.G. § 2L1.2(b)(1)(A)(i) (2012). *Dimaya*, which concerns the definition of a "crime of violence," is therefore inapplicable. We accordingly deny authorization to challenge the applicant's unlawful reentry conviction because he applicant has not made a prima facie showing under section 2255(h) of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Clerk shall transfer the applications filed at Docket Entry Nos. 1, to the United States District Court for the District of Nevada, case no. 3:10-cr-00109-RCJ, to be processed as a section 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (setting forth the procedures to be utilized when characterizing filing as a section 2255 motion). The motion shall be deemed filed in the district court on November 15, 2017, the date on which the application was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Orona v. United States*, 826 F.3d 1196 (9th Cir. 2016).

We express no opinion as to the merits of the applicant's claims regarding his drug conviction or whether the procedural requirement of 28 U.S.C. § 2255(f) is satisfied.

The Clerk shall serve this order and the applications filed at Docket Entry Nos. 1 directly on the chambers of the Honorable Robert C. Jones.

Upon transfer of the applications, the Clerk shall close these original actions.

Any pending motions are denied as moot.

No further filings will be entertained in these cases.

**DENIED.**